**Hannant v Abt**

2025 NY Slip Op 31741(U)

May 13, 2025

Supreme Court, New York County

Docket Number: Index No. 157521/2022

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LISA S. HEADLEY       PART       28

*Justice*

-------------------------------------------------------------------------X

GARY HANNANT, GARY HANNANT, CINDY HANNANT,

       Plaintiff,

      - v -

ERIC ABT, ROBERT WEINSTEIN, 855-857 NINTH
AVENUE CORP., NEW NINTH AVENUE CORP., BOARD
OF DIRECTORS OF NEW NINTH AVENUE CORP.,
AIRBNB, INC.,AIRBNB TRAVEL, LLC,AIRBNB STAYS,
INC.,NEW BEDFORD MANAGEMENT CORP., SIREN
MANAGEMENT CORP., JOHN DOES

       Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157521/2022 |
| MOTION DATE | 11/13/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 108, 109, 110, 111, 112, 113, 114, 115, 117, 119, 120, 121, 122, 123, 124, 125, 126, 127, 129, 130

were read on this motion to/for            VACATE/LIFT - STAY         .

      In the motion before this Court, the plaintiffs, Gary Hannant, as the Administrator of the Estate of Michael Hannant, Gary Hannant and Cindy Hannant, individually ("plaintiffs"), seek an Order 1) to lift the stay of this action, and allow the plaintiffs to pursue their claims in court against defendants, AIRBNB, INC., AIRBNB TRAVEL, LLC, and AIRBNB STAYS, INC, ("Airbnb defendants" or "Airbnb"); 2) to schedule a preliminary conference; and 3) to award attorneys' fees and costs to plaintiffs in the amount of $99,405.00. (*See, NYSCEF Doc. Nos. 79 – 101*).

      The Airbnb defendants filed a cross-motion seeking an Order, *inter alia*, to enforce this Court's prior Order dated June 22, 2023, which compelled plaintiffs to pursue their claims in arbitration pursuant to the parties' arbitration agreement; and to direct the American Arbitration Association ("AAA") to rescind the administrative closure of this matter. (*See, NYSCEF Doc. Nos. 108 – 114*). Plaintiffs also filed opposition to the cross-motion (*see, NYSCEF Doc. No. 119 – 122*), and defendants filed a reply (*see, NYSCEF Doc. No. 129*).

      In support of the motion to lift the stay, the Plaintiffs argue, *inter alia*, that the Airbnb Terms of Service agreement contains a California choice of law clause, and the Airbnb defendants violated *California Code of Civil Procedure §1281.98* when Airbnb did not pay its arbitration fees

157521/2022  HANNANT, GARY ET AL vs. ABT, ERIC ET AL
Motion No.  003

Page 1 of 5

1 of 5

on time. Plaintiffs assert that the California courts have upheld that the untimely payment of arbitration fees "empowers a consumer … to withdraw from arbitration." (*See, NYSCEF Doc. No. 119 at page 2*). Plaintiffs also argue that the arbitrator closed the case and considered defendant Airbnb's objection to the plaintiffs withdrawal from arbitration. Furthermore, Plaintiffs claim it would be contrary to the principles of collateral estoppel and judicial estoppel to relitigate the issue of the arbitrator by reopening this case. *Id.*

In support of the cross-motion compelling arbitration, the defendants argue, *inter alia*, that the plaintiffs informed the American Arbitration Association that they were unilaterally withdrawing from the arbitration based on *California Code of Civil Procedure §1281.98*, and then the arbitrator administratively closed the arbitration as a result of the Plaintiffs withdrawal from the arbitration. Defendants also argue that "California's arbitration rules should not apply to the parties' claims based in a New York-seated arbitration, and that even though *§1281.98* does not apply, the provision conflicts with the AAA consumer arbitration rules and is pre-empted by the Federal Arbitration Act ("FAA")."

In opposition to the cross-motion compelling arbitration, the plaintiffs emphasize that "the principle of judicial estoppel prevents Airbnb from changing its position simply to fulfill its own interests." Plaintiffs contend "Airbnb unequivocally stated that the 'court possesses no power to decide the arbitrability issue.' (*NYSCEF Doc. No. 45, p. 14*). Now, it has totally flip-flopped to say that the Court should 'direct the AAA to rescind its administrative closure so arbitration may proceed'." Thus, plaintiffs argue that the stay in this action should be lifted, and the arbitrator's decision to close the case remains final. This Court agrees.

Plaintiffs also argue that pursuant to *California Code of Civil Procedure §1281.98*, the consumer is allowed to unilaterally withdraw from arbitration without the blessing of the arbitrator. *Cal Civ Proc Code § 1281.98*. Specifically, the provision states that "if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement[.]" *Id.* Furthermore, *Cal Civ Proc Code § 1281.98(b)* states that if the company "materially breaches the arbitration agreement," then the "consumer may unilaterally elect to … (1) [w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction." *Id.* Here, the plaintiffs contend the statutory language does not require the consumer to first obtain the arbitration provider's approval before exiting arbitration. In addition, plaintiffs argue that since American Arbitration Association and the arbitrator are not

parties to this case, this Court does not have the authority to compel them to reopen the arbitration. This Court also agrees.

Plaintiffs argue that the choice-of-law clause incorporates state procedural rules for arbitration. Plaintiffs further argue FAA does not preempt the payment requirements set forth in sections *1281.97* to *1281.99*… because "[t]here is no federal policy favoring arbitration under a certain set of procedural rules, so the FAA leaves room for states to enact some rules affecting arbitration." *See, NYSCEF Doc. No. 119, citing to Gallo v. Wood Ranch USA, Inc.,* 81 Cal App 5th 621, 639, 297 Cal Rptr 3d 373, 385 (Cal Ct App 2022).

Lastly, as to the award of attorneys' fees, the plaintiffs argue they are entitled to compensation for all their work done that was connected to the motion to compel arbitration and everything thereafter including this motion to lift the stay. Plaintiffs submit that according to *sections 1281.98* and *1281.99*, these provisions provide for a mandatory award of attorneys' fees.

Discussion

The issues presented before the Court are whether to compel arbitration after AAA closed the case for untimely payment of their fees, and whether the choice of law provision in the Airbnb's Terms of Service apply in this case. While it is true that the Court "has consistently recognized New York's long and strong public policy favoring arbitration, in appreciation of that policy, New York courts interfere as little as possible with the freedom of consenting parties' to submit disputes to arbitration. [W]e have steadfastly discouraged courts from becoming unnecessarily entangled in arbitrations or from serving 'as a vehicle to protract litigation'." *Wu v. Uber Tech., Inc.,* 2024 NY Slip Op 05869, 4 (Ct App. Nov. 25, 2024). [*Internal citations omitted*]. Upon review of the arbitration agreement, the choice of law provisions, and the defendants' irrefutable breach of the agreement, the motions shall be determined in accordance with this decision.

Here, the law that governs is California law based on Section 14 of the Airbnb's Terms of Service. (*See, NYSCEF Doc. No. 82*). According to the AAA arbitration agreement and letter submitted to the defendants, payment must be made pursuant to the deadline provided of April 8, 2024. (*See, NYSCEF Doc. No. 84*). Based on the correspondence letters submitted by AAA, the attorneys for plaintiffs and the attorneys for defendants (*see, NYSCEF Doc. Nos. 90, 92, 93, and 95*), the defendants did not remit payment in accordance with the deadline, there was no consent to extend the payment deadline, and the plaintiffs elected to withdraw from arbitration.

157521/2022 HANNANT, GARY ET AL vs. ABT, ERIC ET AL
Motion No. 003

Page 3 of 5

3 of 5

[* 3]

Plaintiffs submit supporting documents indicating that the Airbnb defendants received multiple notices and demands for payment within the indicated 30 - day period. On March 7, 2024, AAA sent a letter and invoice demanding payment within 30 days, with an April 8, 2024 due date. (*NYSCEF Doc. No. 87*). Thereafter, AAA sent reminder notices to Airbnb on April 1, 2024, April 7, 2024 and April 8, 2024. (*NYSCEF Doc. Nos. 88, 89, and 90*). Airbnb sent payment on the outstanding balance on April 17, 2024, but was nine days late, and AAA confirmed that they would close the case. (*See, NYSCEF Doc. Nos. 80 and 93*). On May 3, 2024, AAA issued a letter to the Airbnb defendants stating that it was refunding the late monies paid by AAA. (*See, NYSCEF Doc. No. 98*).

The defendants materially breached the arbitration agreement by failing to remit payment on time, and according to *Cal Civ Proc Code § 1281.98(b)*, the plaintiffs may "unilaterally elect to withdraw the claims from arbitration and proceed in a court of appropriate jurisdiction" – which is the plaintiffs' application before this Court. *See, Cal Civ Proc Code § 1281.98(b)(1)*. The Court finds that since Airbnb defendants have not complied with the arbitration payment requirement, the arbitrator closed the case pursuant to the letter of the law. *Id.* Since the arbitrator followed the law in closing the case, this Court would be remiss in overturning the AAA's decision. Nonetheless, the parties will have the opportunity to present this case before the court. Thus, the plaintiffs' application to lift the stay in this action is granted, and the defendants' cross-motion to compel arbitration is denied. Accordingly, the stay on this action is lifted, and the parties are directed to schedule a preliminary conference with the assigned justice presiding over this case in Part 59.

Lastly, the portion of the plaintiffs' motions seeking attorneys' fees is denied with leave to renew at the time of trial or resolution of this action.

Accordingly, it is hereby

**ORDERED** the plaintiffs motion to lift the stay of this action, and to allow the plaintiffs to pursue their claims against the Airbnb defendants is GRANTED; and it is further

**ORDERED** that this action is hereby restored to the Court's calendar in Part 59, and the parties are directed to schedule a preliminary conference with Part 59; and it is further

**ORDERED** that the portion of the plaintiffs' motion seeking attorneys' fees is DENIED with leave to renew at the time of trial or resolution of this case; and it is further

157521/2022   HANNANT, GARY ET AL vs. ABT, ERIC ET AL                    Page 4 of 5
Motion No.  003

4 of 5

**ORDERED** that the defendants' cross-motion for an Order to enforce this Court's prior Order dated June 22, 2023, which compelled plaintiffs to pursue their claims in arbitration is DENIED; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days of entry, plaintiffs shall serve a copy of this Decision/Order upon the defendants with notice of entry.

This constitutes the Decision and Order of the Court.

| 5/13/2025 | | | | LISA S. HEADLEY | |
|-----------|---|---|---|-----------------|---|
| DATE | | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | ☐ DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

157521/2022   HANNANT, GARY ET AL vs. ABT, ERIC ET AL
Motion No. 003

Page 5 of 5

5 of 5